AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Northern District of Indiana

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Rosario Carrillo Lopez<br><br><br>Defendant(s) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br>    2:25-MJ-206<br><br>**FILED UNDER SEAL** |

## CRIMINAL COMPLAINT BY TELEPHONE
## OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ October 13th, 2025 _____ in the county of _____ Lake _____ in the
_____ Northern _____ District of _____ Indiana _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1); 18 U.S.C. § 111(a)(1) & (b) | Forcibly assaulting, resisting, opposing, impeding, or interfering with an officer or employee of the United States while engaged in or on account of the performance of official duties; physical contact; Forcibly assaulting, resisting, opposing, impeding, or interfering with an officer or employee of the United States while engaged in or on account of the performance of official duties; use of a deadly or dangerous weapon |

This criminal complaint is based on these facts:

See attached affidavit

❏ Continued on the attached sheet.

_____
*Complainant's signature*

SA Steven Moran, HSI
_____
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P 4.1 by email transmission and telephonic confirmation.

Date: _____ 10/17/2025 _____

s/Andrew P. Rodovich
_____
*Judge's signature*

City and state: _____ Hammond, IN _____

Hon. Andrew Rodovich, US Magistrate Judge
_____
*Printed name and title*

Case No. 2:25-mj-206

**AFFIDAVIT IN SUPPORT OF**
**AN APPLICATION FOR A CRIMINAL COMPLAINT**

I, Steven Moran, a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations ("HSI"), being duly sworn, hereby depose and state as follows:

**INTRODUCTION**

1.    I have been employed as a Special Agent with HSI since March 2020. As a Special Agent, my responsibilities include investigating possible criminal violations of federal laws. I am currently assigned to the Special Agent in Charge ("SAC") Chicago - Hammond, Indiana group, which is responsible for conducting criminal investigations and enforcing laws that are under the investigative jurisdiction of HSI in the Northern District of Indiana. I am a law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), and I am empowered to investigate and make arrests for violations of federal criminal laws.

2.    I am submitting this affidavit because I have probable cause to believe that on or about October 13, 2025, Rosario Arnoldo CARRILLO LOPEZ violated 18 U.S.C. § 111 by forcibly assaulting, resisting, opposing, impeding, and interfering with a federal officer or employee while engaged in or on account of the performance of official duties. I additionally have probable cause to believe that during the commission of this offense, CARRILLO LOPEZ made physical contact with a victim and used a deadly or dangerous weapon.

3.    This affidavit is submitted for the limited purpose of establishing probable cause against CARRILLO LOPEZ for the above-described violation of

1

federal law and therefore contains only a summary of the relevant facts. I have not included every fact known by me in connection with this investigation. The statements contained in this affidavit are based on information I obtained from interviews of witnesses, my own observations and actions, information received from other law enforcement agents, my experience and training, and the experience of other agents and officers working with me.

## RELEVANT STATUTES AND LAW

4.      18 U.S.C. § 111(a)(1) makes it a criminal offense to forcibly assault, resist, oppose, impede, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties. Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties.

5.      Under § 111(a)(1) and § 111(b), where the acts described in the statute constitute only simple assault, the offense is a misdemeanor. But where the acts described in the statute "involve physical contact with the victim," the offense is a felony punishable by up to 8 years of imprisonment. Additionally, where the acts described in the statute involve the use of a "deadly or dangerous weapon," the offense is a felony punishable by up to 20 years of imprisonment. My understanding of the current law in the Seventh Circuit is that a motor vehicle can be used as a "deadly or dangerous weapon."

2

**PROBABLE CAUSE**

6.      On or about October 13, 2025, Immigration and Customs Enforcement ("ICE") Enforcement and Removal Operations ("ERO") personnel were conducting an immigration enforcement operation at or near the 300 block of Hovey Street in Gary, Indiana, in the Northern District of Indiana. Prior to that date, ERO Deportation Officers ("DOs") were contacted by the Gary Police Department ("GPD") regarding Rosario Arnoldo CARRILLO LOPEZ following a GPD encounter with CARRILLO LOPEZ in which CARRILLO LOPEZ provided the GPD with a Mexican Consular Identification card. GPD officers sent ERO personnel a photo of the Mexican Consular Identification card, which included CARRILLO LOPEZ's photograph, date of birth, and address in Gary, Indiana. DOs conducted immigration database checks, which revealed that CARRILLO LOPEZ did not have any lawful entry into the United States and was present inside of the United States without legal status. Further database checks showed that CARRILLO LOPEZ had been previously arrested for a narcotics offense.

7.      DOs conducted surveillance on the residence listed on CARRILLO LOPEZ's identification card, 3** Hovey Street, Gary, Indiana. While conducting surveillance, Officer A and Officer B were together in Officer A's government-issued vehicle when they both observed an adult male matching CARRILLO LOPEZ's description exit the residence with a younger Hispanic male and enter a grey GMC Acadia (the "Acadia"). The DOs then observed the Acadia travel down the street in their direction, past Officer A's vehicle. When the Acadia passed Officer A's vehicle,

3

both Officers A and B observed the driver to be CARRILLO LOPEZ.

8.    The DOs conducted mobile surveillance of the Acadia and watched CARRILLO LOPEZ drop off the younger male at a nearby school before heading back in the direction of Hovey Street. Officer A activated his vehicle's emergency lights to initiate a vehicle stop of the Acadia. CARRILLO LOPEZ pulled the Acadia to the side of the road facing north on Clark Road between West 6th Avenue and West 5th Avenue in Gary, Indiana. Additional ERO DOs, Officers C and D, pulled their respective government-issued vehicles behind Officer A's vehicle to assist with the vehicle stop.

9.    The DOs exited their vehicles, and Officer A approached the driver's window while Officer B approached the front passenger window of the Acadia. All DOs were wearing their ICE-issued body armor vest with police markings visible. Specifically, Officer A's body armor displayed "Police" on the front and rear of the vest, as well as an ICE badge patch. His gold badge and firearm were also visible on his belt. When Officer A approached the driver's window, he identified himself as "Department of Homeland Security" and asked CARRILLO LOPEZ to turn off the vehicle. CARRILLO LOPEZ asked, in English, what was happening and refused to turn off the vehicle. Officer A then reached inside the half-open driver's window and unlocked the door from the inside the vehicle. Officer A began to open the driver's door of the Acadia, at which point CARRILLO LOPEZ put the vehicle into drive. Then, while Officer A's hand was still on the exterior handle, CARRILLO LOPEZ stepped on the gas pedal and put the vehicle into motion. He turned the vehicle to

4

the right, drove over the curb, and accelerated into a parking lot on the east side of Clark Road. When CARRILLO LOPEZ drove over the curb, Officer B was standing on the passenger side of the vehicle and stepped backwards as a reaction to the vehicle's movement.

10. The DOs re-entered their vehicles and activated their emergency sirens in conjunction with their already-activated emergency lights. The DOs then followed CARRILLO LOPEZ as he drove out of the parking lot located on the southeast corner of Clark Road and West 5th Avenue and continued north on Clark Road at a high rate of speed. Upon catching up to the Acadia after chasing it for approximately two blocks, the DOs attempted another stop. Officer A pulled his vehicle in front of the Acadia on Clark Road near the entrance of the Willow Apartments on Clark Road just south of West 4th Avenue. Officer C then pulled his vehicle behind the Acadia, and Officer D pulled his vehicle along the driver's side of the Acadia. Once Officer D positioned his vehicle alongside the Acadia, CARRILLO LOPEZ turned the Acadia left towards Officer D's government-issued vehicle and struck the front passenger side bumper of the vehicle while Officer D was seated in the driver's seat. CARRILLO LOPEZ then turned the Acadia to right, drove over a curb and the sidewalk adjacent to the entrance of the Willow Apartments, and continued north on Clark Road at a high rate of speed. The DOs attempted to follow CARRILLO LOPEZ but were unable to locate the vehicle.

11. The DOs then traveled to a nearby parking lot to assess the damage to Officer D's vehicle. The collision between the Acadia and Officer D's vehicle caused

damage to the front passenger side bumper and wheel well. A piece of plastic in the

wheel well was dislodged and rubbing against the front passenger tire. The DOs had

to remove the dislodged piece of plastic to prevent damage to the tire. Photos of the

damage include the following:



Case No. 2:25-mj-206





12.    The DOs contacted the Gary Police Department to report the incident.

GPD officers arrived and produced a police report and crash report. GPD personnel obtained GPD camera footage from a shopping center across the street from the collision as well as the Willow Apartments. Camera footage from the shopping center shows the government vehicles with their emergency lights activated surround the Acadia before it drives away from the vehicles. Camera footage from the Willow Apartments shows the Acadia driving on the sidewalk adjacent to the driveway entrance of the complex:



*Shopping center camera footage*
(CARRILLO LOPEZ's vehicle circled in red)
(ERO vehicles circled in blue)



*Willow Apartments camera footage*

13.    GPD personnel also provided license plate reader ("LPR") images that show the Acadia being followed by ERO vehicles with their emergency lights activated:

8





14.    LPR data shows the Acadia bearing Indiana temporary license plate 512I916. Database checks of the license plate show it is registered to Martha Ruiz at the same address listed on CARRILLO LOPEZ's Mexican Consular Identification card, from which CARRILLO LOPEZ was observed exiting earlier that day. Further database and open-source checks show that Martha Ruiz owns this residence with "Arnoldo Carrillo"—as indicated above, "Arnoldo" is CARRILLO LOPEZ's middle name—and that CARRILLO LOPEZ is likely her husband.

15.    On or about October 16, 2025, I conducted surveillance of 3** Hovey

9

Case No. 2:25-mj-206

Street, Gary, Indiana. I observed a grey GMC Acadia parked in the backyard of the residence behind a closed wooden gate. Due to the vehicle's position, I was unable to observe the vehicle's license plate.

## CONCLUSION

16. Based on the above facts and my experience and training, I submit that there is probable cause to believe that on or about October 13, 2025, Rosario Arnoldo CARRILLO LOPEZ violated 18 U.S.C. § 111(a) by forcibly assaulting, resisting, opposing, impeding, and interfering with a federal officer or employee while engaged in or on account of the performance of official duties. Further, there is probable cause to believe that during the commission of this offense, CARRILLO LOPEZ made physical contact with a victim and used a deadly or dangerous weapon. I therefore respectfully request the attached warrant be issued authorizing said complaint.

FURTHER AFFIANT SAYETH NAUGHT.

Respectfully submitted,

Steven Moran
Special Agent
Homeland Security Investigations

Subscribed and sworn to me by telephone and transmission of this affidavit by reliable electronic means pursuant to Federal Rules of Criminal Procedure 41(d)(3) and 4.1, this 17th day of October, 2025.

s/Andrew P. Rodovich

HONORABLE ANDREW P. RODOVICH
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF INDIANA

10